UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DRYADES YMCA**                                                **CIVIL ACTION**

**VERSUS**                                                               **NO: 23-3411**

**CERTAIN UNDERWRITERS AT
LLOYDS, LONDON ET AL.**                          **SECTION: "H"**

## ORDER AND REASONS

Before the Court is Defendants' Motion to Compel Arbitration and Stay Proceedings (Doc. 5). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

Plaintiff Dryades YMCA alleges that Defendants Certain Underwriters at Lloyd's, London, severally subscribing to Certificate No. AMR-38899-07; Indian Harbor Insurance Company; Lexington Insurance Company; QBE Specialty Insurance Company; Steadfast Insurance Company; United Specialty Insurance Company; General Security Indemnity of Arizona; HDI Global Specialty SE; Old Republic Union Insurance Company; GeoVera Specialty Insurance Company; and Transverse Specialty Insurance Company breached its insurance policy ("the Policy") and acted in bad faith in failing to provide coverage for damages sustained to its properties during Hurricane Ida.

1

All Defendants are surplus lines insurers who jointly subscribe to the Policy. Defendants have moved to compel arbitration of this dispute pursuant to an arbitration agreement in the Policy. Plaintiffs oppose, arguing that the arbitration clause is invalid and unenforceable under Louisiana law.

## **LEGAL STANDARD**

Defendant argues that the arbitration clause at issue is enforceable under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the Convention") and the Federal Arbitration Act. The United States joined the Convention in 1970.[1] Congress implemented the Convention by enacting Chapter 2 of Title 9 of the United States Code ("the Convention Act").[2] The Supreme Court has explained that "[t]he goal of the Convention was to encourage the recognition and enforcement of commercial arbitration agreements in international contracts and to unify the standards by which agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries."[3] The Convention applies to arbitration agreements between citizens of nations that are signatories to the Convention.

Under the Convention, courts "[s]hould compel arbitration if (1) there is an agreement in writing to arbitrate the disputes, (2) the agreement provides for arbitration in the territory of a Convention signatory, (3) the relationship

---

[1] Todd v. Steamship Mut. Underwriting Ass'n (Bermuda) Ltd., 601 F.3d 329, 332 n.4 (5th Cir. 2010). Where applicable, the Convention supersedes state law. *See* McDonnel Grp., LLC v. Great Lakes Ins. Se., 923 F.3d 427, 431–32 (5th Cir. 2019); Aggarao v. MOL Ship Mgmt. Co., Ltd., 675 F.3d 355, 366 (4th Cir. 2012).

[2] 9 U.S.C. § 201.

[3] Authenment v. Ingram Barge Co., 878 F. Supp. 2d 672, 676 (E.D. La. 2012) (quoting Scherk v. Alberto–Culver Co., 417 U.S. 506, 520 n.15 (1974)).

arises out of a commercial legal relationship, and (4) a party to the agreement is not an American citizen."[4] If these four requirements are met, "the Convention requires the district court [ ] to order arbitration . . . unless it finds that said agreement is null and void, inoperative or incapable of being performed."[5]

## LAW AND ANALYSIS

The arbitration provision in the Policy provides in relevant part that:

All matters in difference between the Insured and the Companies (hereinafter referred to as "the parties") in relation to this insurance, including its formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner hereinafter set out.
* * *
The seat of the Arbitration shall be in New York and the Arbitration Tribunal shall apply the law of New York as the proper law of this insurance.

Accordingly, the four requirements of the Convention are met. First, there is a written agreement to arbitrate contained in the Policy. Second, the provision provides for arbitration in New York, which is within a signatory country.[6] Third, the insurance agreement arises out of a commercial legal relationship between Plaintiff and Defendants. And fourth, Defendants allege, and Plaintiffs do not dispute, that many of the members subscribing to the Policy through the Lloyd's of London insurance market are citizens of the

---

[4] Francisco v. Stolt Achievement MT, 293 F.3d 270, 273 (5th Cir. 2002).
[5] Freudensprung v. Offshore Technical Servs., Inc., 379 F.3d 327, 339 (5th Cir. 2004).
[6] *See id.*

3

United Kingdom.[7] In addition, Defendant HDI Global Specialty SE is a citizen of Germany. Finally, Plaintiff's breach of contract and bad faith claims fall squarely within the scope of the Policy's arbitration agreement.[8] Because the four requirements of the Convention are met, the Court must order arbitration unless the "agreement is null and void, inoperative or incapable of being performed."[9]

In defense of Defendants' Motion, Plaintiff argues only that Louisiana Revised Statutes § 22:868 prevents the enforcement of arbitration clauses in insurance contracts. Plaintiff argues that the McCarran–Ferguson Act reverse-preempts the Federal Arbitration Act allowing § 22:868 to control. In so arguing, Plaintiff cites to cases addressing § 22:868's application to claims against domestic insurers.[10] The Fifth Circuit has, however, soundly rejected Plaintiff's argument as it relates to foreign insurers such as those at issue here. In *Safety National Casualty Corp. v. Certain Underwriters at Lloyd's, London*, the Fifth Circuit held because the "Convention, an implemented treaty, rather than the Convention Act, supersedes state law, the McCarran–Ferguson Act's provision that 'no Act of Congress' shall be construed to supersede state law regulating the business of insurance is inapplicable."[11] The court plainly held

---

[7] *See* 1010 Common, LLC v. Certain Underwriters at Lloyd's, London, No. CV 20-2326, 2020 WL 7342752, at *5 (E.D. La. Dec. 14, 2020) ("A commercial agreement that involves at least one party who is not a U.S. citizen or property located abroad, envisage performance abroad, or have some other reasonable relationship with one of more foreign states is deemed to fall under the Convention.").

[8] *See* Woodward Design + Build, LLC v. Certain Underwriters at Lloyd's London, No. CV 19-14017, 2020 WL 5793715, at *4 (E.D. La. Sept. 29, 2020).

[9] *Freudensprung*, 379 F.3d at 339.

[10] *See* Fairway Vill. Condominiums v. Indep. Specialty Ins. Co., No. CV 22-2022, 2023 WL 2866944, at *5 (E.D. La. Apr. 10, 2023).

[11] 587 F.3d 714, 732 (5th Cir. 2009).

that the Convention supersedes state law.[12] "[A]lthough Louisiana law ordinarily prohibits enforcement of arbitration clauses in cases concerning insurance disputes, . . . when an insurer-defendant is a foreign entity, the Convention applies and Louisiana law does not bar the enforcement of arbitration provisions."[13] This Court therefore will not, and indeed cannot, accept Plaintiff's invitation to hold otherwise. Accordingly, the Convention applies to Plaintiff's claims against Defendants, and it must arbitrate them.

Defendants have asked the Court to stay this matter pending arbitration. Pursuant to 9 U.S.C. § 3, the Court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." Accordingly, this matter must be stayed pending resolution of the arbitration proceedings.

## CONCLUSION

For the foregoing reasons, the Motion is **GRANTED**. The parties shall submit to arbitration as detailed in the Policy. This matter is **STAYED** and **ADMINISTRATIVELY CLOSED** pending arbitration.

New Orleans, Louisiana this 31st day of January, 2024.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[12] *Id.*
[13] Antoine's Rest., LLC v. Certain Underwriters at Lloyd's, London, No. CV 23-229, 2023 WL 3751509, at *3 (E.D. La. June 1, 2023).